Caruthers, J.,
delivered the opinion of the Court.
This was an action of covenant by Markes against Oliver and Gilliam, in which there was a recovery below for $1,028 upon this bond: “State of Tennessee. We, *537 A. Oliver and Samuel Gilliam, are held and firmly bound unto L. B. Markes in the sum of $1,000, upon the condition, that, whereas the said Markes is the endorser upon a note drawn by Ira E. Brown for $1,000, and endorsed to the Planters’ Bank, upon which suit is now pending in the Circuit Court of Giles county in favor of said bank, against said Brown and Markes. Now, in consideration that the said Markes shall not confess judgment at the present term of said Court, so as to take judgment over against said Brown, we, the said Oliver and Gilliam, hereby agree to fully indemnify and hold the said Markes harmless as such endorser, and well and truly pay to him all sums of money which he may have to pay in consequence of said suit, * * * * December 19, 1857.” Signed under seal.
It is admitted in the case that one Trigg was the first, and Markes the second, accommodation endorsers upon the note then in suit. Markes complied with his agreement, and judgment was afterwards obtained against him, and he was coerced, to pay the sum of $1,064 by execution, on the 12th of July, 1858. Whereupon he instituted this action upon the bond. The sum of $128 was remitted, and the judgment reduced to $1,000, the penalty of the bond.
The defences are :
1. That- there is no consideration. The question of a seal implying a consideration aside, it was proved that Markes was accommodation endorser for Brown. That he proposed to confess judgment at the appearance term, December, 1857, for the purpose of taking judgment against Brown, his principal, by motion, who was then entirely good and solvent, but refrained from doing *538 so in consequence of this bond of indemnity; and before the next term, at which judgment was taken, Brown had removed his personal property from the State, and that his land was taken by a decree in the intermediate time, so that this debt could not be made out of his property, but fell upon the plaintiff, and was paid by him. 'The Court charged that this was a sufficient consideration for the undertaking of defendants. Of this there can certainly be no doubt. It needs no argument.
2. The Court being requested, refused to charge, that before the plaintiff could sue upon this covenant, he was bound to show that he had pursued and exhausted his remedies against Brown, and the estate of Trigg, the first endorser. There was proof that Trigg’s estate was probably solvent, and that he was first endorser upon the note sued upon by the bank. But the Court instructed the jury that it was sufficient to maintain this action, that Brown had no property out of which the .money could be made, and that the plaintiff had been compelled to pay it.
This was correct. The bond contained no such conditions. The undertaking of defendants with Markes, was that, in consideration that he would not adopt the summary course the law allowed him, to make himself safe by subjecting the property of Brown, which was then ample, to the payment of the debt, he should be fully “indemnified” and saved “harmless,” “as endorser;” and these parties obligate themselves “to pay to him all sums of money which he may have to pay in consequence of said suit.” Such is their bond, and no additional terms, by implication, can be inserted. *539 He is not bound to encounter the delay, expense, and risk of pursuing other remedies that may possibly be open to him. They have afforded him an ample one without any precedent conditions, other than the compulsive payment of the money in that suit, and he has a perfect right to adopt it, in preference to any other that may be indicated, and to which he might resort, if this were to fail, or did not exist. He has sustained a loss as it is, in consequence of their interference, to the extent of the excess over the penalty of the bond and costs, as he could have secured himself entirely by the course he was prevented from adopting, by the execution of this bond.
Let the judgment be affirmed.